UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESTCHESTER COUNTY, NY, <br><br> Petitioners-Plaintiffs, <br><br> - against – <br><br> MYLAN PHARMACEUTICALS, INC., ET AL., <br><br> Respondents-Defendants. <br><br> **This Document Relates to All Actions** | No.: 7:23-cv-6096-CS (Lead Case) |

-----------------------------------------------------------------------------------------

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR AN AWARD OF ATTORNEYS' FEES**

-----------------------------------------------------------------------------------------

HUNTER SHKOLNIK
PAUL J. NAPOLI
Napoli Shkolnik
NS PR Law Services, LLC
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
Tele: (833) 271-4502
Hunter@NSPRLaw.com
PNapoli@NSPRLaw.com

and

SALVATORE C. BADALA (SB1587)
SHAYNA E. SACKS (SS7135)
Napoli Shkolnik PLLC
400 Broadhollow Rd, Suite 305
Melville, NY 11747
Tele: (212) 397-1000
Fax: (646) 843-7603
SBadala@NapoliLaw.com
SSacks@NapoliLaw.com

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 2

    A.    Removal of 34 Cases under the Federal Officer Removal Statute .................................... 2

    B.    Disclaimer of All Federal Claims .................................................................................. 3

    C.    Extensive Briefing on Petitioners' Motion to Remand Pursuant to a Comprehensive Claims Disclaimer ............................................................................................................ 5

    D.    Opinion and Order on Motion to Remand ..................................................................... 5

LEGAL ARGUMENT POINT ONE ........................................................................................ 8

THE COURT SHOULD AWARD PETITIONERS' ATTORNEYS' FEES ............................... 8

    A.    Attorneys' Fees pursuant to 28 U.S.C. § 1447(c). ........................................................ 8

    B.    An Award of Attorneys' Fees is Appropriate in this Case. ........................................... 9

    C.    Petitioners Seek a Conference to Discuss the Submission of Timekeeping Records and Hourly Rates. ................................................................................................................ 12

CONCLUSION ...................................................................................................................... 14

## TABLE OF AUTHORITIES

Page(s)

Cases

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections,
    522 F.3d 182 (2d Cir. 2008) .................................................................................................. 12

Boyle v. United Techs. Corp.,
    487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988) ...................................................... 3, 4

Burton v. PGT Trucking, Inc.,
    2018 WL 2849721 (S.D.N.Y. June 11, 2018) .......................................................................... 8

Calabro v. Aniqa Halal Live Poultry Corp.,
    650 F.3d 163 (2d Cir. 2011) ................................................................................................ 8, 10

Children's Vill. v. Greenburgh Eleven Teachers' Union Fed'n of Tchrs., Loc.,
    867 F. Supp. 245 (S.D.N.Y. 1994) ......................................................................................... 12

CMGRP, Inc. v. Agency for the Performing Arts, Inc.,
    689 F. App'x 40 (2d Cir. 2017) ................................................................................................. 8

CMGRP, Inc. v. Agency for the Performing Arts, Inc.,
    2016 WL 9080233 (S.D.N.Y. July 8, 2016) ........................................................................... 13

Gondolfo v. Town of Carmel,
    2022 WL 19183 (S.D.N.Y. Jan. 3, 2022) ............................................................................... 10

Gov't of Puerto Rico, v. Eli Lilly & Co.,
    2023 WL 4830569 (D.P.R. July 13, 2023) ............................................................................... 6

Keeney v. A.W. Chesterton Co.,
    2011 WL 13220926 (C.D. Cal. Aug. 9, 2011) ....................................................................... 10

Marcus v. AT&T Corp.,
    138 F.3d 46 (2d Cir. 1998) ..................................................................................................... 10

Martin v. Franklin Cap. Corp.,
    546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) ............................................... 3, 4, 8, 9

MB Fin. Bank, N.A. v. 56 Walker, LLC,
    2011 WL 6338808 (S.D.N.Y. Dec. 19, 2011) ........................................................................ 12

Meeks v. City of Rochester,
    2022 WL 13789086 (W.D.N.Y. Oct. 24, 2022) ..................................................................... 10

Morgan Guar. Tr. Co. of New York v. Republic of Palau,
 767 F. Supp. 561 (S.D.N.Y. 1991) ................................................................................. 8

Morgan Guar. Tr. Co. of New York v. Republic of Palau,
 971 F.2d 917 (2d Cir. 1992) ......................................................................................... 11

Mosher v. Davita Healthcare Partners Inc.,
 2016 WL 3963131 (S.D.N.Y. July 20, 2016) .............................................................. 13

Nguyen v. Am. Express Co.,
 282 F. Supp. 3d 677 (S.D.N.Y. 2017) ............................................................................ 8

Ohio ex rel. Skaggs v. Brunner,
 629 F.3d 527 (6th Cir. 2010) ........................................................................................ 11

Ohio ex rel. Yost v. Ascent Health Servs. LLC,
 2024 WL 23187 (S.D. Ohio Jan. 2, 2024) ..................................................................... 6

Oklahoma ex rel. Hunter v. McKesson Corp.,
 2020 WL 5814161 (E.D. Okla. Sept. 14, 2020) ........................................................ 3, 4

Savino v. Savino,
 590 F. App'x 80 (2d Cir. 2015) ...................................................................................... 9

Sea Gate Ass'n v. Krichevsky,
 2019 WL 8587287 (E.D.N.Y. June 21, 2019) ............................................................. 10

Sherman v. A.J. Pegno Constr. Corp.,
 528 F. Supp. 2d 320 (S.D.N.Y. 2007) .......................................................................... 11

Spehar v. Fuchs, No. ,
 2003 WL 23353308 (S.D.N.Y June 17, 2003) .............................................................. 7

State of California v. Eli Lilly & Co., No. 2:23-CV-01929-SPG-SK,
 2023 WL 4269750 (C.D. Cal. June 28, 2023) ...................................................... 3, 4, 6

Wachovia Mortg., FSB v. Toczek,
 841 F. App'x 267 (2d Cir. 2021) .................................................................................. 12

Warthman v. Genoa Twp. Bd. of Trustees,
 549 F.3d 1055 (6th Cir. 2008) ...................................................................................... 11

Williams v. Int'l Gun-A-Rama,
 416 F. App'x 97 (2d Cir. 2011) ...................................................................................... 8

Statutes

24 U.S.C.A § 1442 .................................................................................................................. 12

28 U.S.C.A. § 1442(a)(1) ................................................................................................... 4, 6, 7

28 U.S.C.A. § 1442(a) ........................................................................................................... 2, 5

**PRELIMINARY STATEMENT**

Petitioners-Plaintiffs Westchester County, Cattaraugus County, Cayuga County, Chautauqua County, Chemung County, Chenango County, City of Ithaca, City of Kingston, City of Mount Vernon, Clinton County, Cortland County, Essex County, Franklin County, Genesee County, Hamilton County, Livingston County, Madison County, Niagara County, Orleans County, Otsego County, Putnam County, Rensselaer County, Saratoga County, Schoharie County, Schuyler County, Steuben County, Tioga County, Tompkins County, Town of Amherst, Town of Cheektowaga, Town of Lancaster, Town of Tonawanda, Warren County and Yates County (altogether, "Petitioners"), by their attorneys Napoli Shkolnik PLLC, submit this Memorandum of Law in Support of their Motion for Attorneys' Fees. As discussed in greater detail below, an award of attorneys' fees is appropriate because, after Petitioners proposed to disclaim all federal claims, the Removing Defendants OptumRx, Inc. and Express Scripts, Inc. ("Respondents") lacked an objectively reasonable basis to maintain these 34 cases in federal court.

Fees are appropriate after Respondents were apprised of Petitioners' proposal to stipulate to disclaim all federal claims and any basis for removal under the federal officer removal statute. Petitioners even filed an amended complaint with a comprehensive claims disclaimer to further effectuate the disavowal of federal claims. Respondents refused to consider the proposals or the disclaimer and continued to argue that removal was proper. As this Court has remanded these cases with a *Decision and Order* favoring Petitioners' positions on all issues, an award of attorneys' fees is appropriate.

**STATEMENT OF FACTS**

Petitioners' 34 individual actions were commenced from September of 2017 to August of 2018 and coordinated with other similar actions into *In re Opioid Litigation* by New York's Litigation Coordinating Panel ("LCP"). Throughout the litigation, defendants were added, including Purdue, the Sackler family, manufacturers, distributors, retail chain pharmacies – and, recently, certain pharmacy benefit managers ("PBMs") based on information obtained during the litigation. Although the entire coordination was originally assigned to Justice Jerry Garguilo in Suffolk County, New York, most of the cases, including the 34 at issue here, were later transferred by the LCP to Westchester County Supreme Court and assigned to Justice Nancy Quinn Koba. In April of 2023, Plaintiffs filed amended complaints adding new defendants, including Defendants OptumRx, Inc. ("OptumRx") and Express Scripts Inc.'s ("ESI") (together, "Respondents").

**A. Removal of 34 Cases under the Federal Officer Removal Statute**

In July of 2023, Respondents removed these 34 cases to this Court pursuant to the federal officer removal statute, 28 U.S.C.A. § 1442(a). Notice of Removal, ECF No. 1. The Removing Defendants – private parties, not federal officers -- relied on their involvement with certain federal government customers, federal health benefits programs and plans administered by certain federal agencies, but Plaintiffs' allegations were never intended to implicate these federal customers, programs, or agencies.

On August 3, 2023, Petitioners filed a letter motion requesting a pre-motion conference prior to filing their motion to remand, and explaining the lack of assertion of claims that are federal in character and the inapplicability of the federal officer removal statute to the operative pleading. ECF No. 44 at 2-3. On August 15, counsel for Petitioners reached out to Respondents in an attempt to enter a stipulation with a disclaimer of federal claims, as they had previously done in another

2

case in Missouri. ECF No. 116-5 (Jefferson County stipulation) and 116-6 (Exhibit 6, Email denying stipulation).

On Friday, August 18, 2023, the parties met and discussed with regards to the proposed stipulation, a draft of which was provided on August 21, 2023. Respondents did not provide any response to the stipulation. ECF No. 116-6 (Exhibit 6, Email denying stipulation).

On August 23, 2023, Respondents filed their letter response in opposition as to the forthcoming motion to remand. Once again, despite a lack of an objectively reasonable basis for maintaining the 34 cases in federal court, Respondents frivolously opposed remand. ECF. No. 78. Petitioners reached out again, on August 27, 2023 with regards to the stipulation, and were finally denied on August 28. ECF No. 116-6 ("OptumRx and Express Scripts have discussed your proposal and cannot agree to the terms. We plan to oppose remand.")

During the premotion conference on August 30, 2023, Plaintiffs reiterated its position and willingness to stipulate a claims disclaimer. The Court suggested that Plaintiffs amend their complaints to "carve out" allegations used to support the notices of removal based exclusively on the federal officer statute and thereafter to move for remand. *See* Minute Entry dated 8/30/2023. Even despite this Court's suggestion, Respondents did not waiver from their objectively unreasonable position on maintaining these 34 cases in federal court.

### B. Disclaimer of All Federal Claims

On September 29, 2023, Petitioners filed their *Supplemental Amended Complaint*, including a comprehensive claims disclaimer, as discussed with the Court and Respondents.[1] ECF

---

[1] Each Plaintiff filed an amended complaint ("September 2023 Amended Complaint") in their individual cases and now collectively seek remand per §1447 (c) on the ground that the case is in the preliminary stages and all federal claims and defenses have been explicitly removed. Even if OptumRx and ESI originally alleged facts sufficient to support removal, Plaintiffs' amended complaints render them irrelevant, as they originally argued that "Plaintiff's claims implicate OptumRx's performance at the direction of federal government entities" (OptumRx *Notice of Removal* ¶ 5) and ESI's performance under its contract with the DoD to provide services to military service members,

3

No. 105. After reviewing the amended pleading, Respondents requested that it be sealed. *See* ECF No. 32. At no time did Respondents seek to jointly remand this matter prior to the ensuing briefing (and appeal) on the issue of federal officer removal, despite the lack of an objectively reasonable basis for removal.

Petitioners "specifically advise[d] all Defendants of their position that such an express, clear and unequivocal disclaiming of exposures and of claims implicating the Boyle defense, as well as any other claims that legitimately implicate 28 U.S.C. § 1442(a)(1), render any potential future removal of this case to federal court on one of these clearly-disclaimed bases objectively unreasonable under Martin, 546 U.S. 132." ECF No. People of the State of California, 2023 WL 4269750; Oklahoma ex rel. Hunter v. McKesson Corp., No. CIV-20-172-RAW, 2020 WL 5814161 (E.D. Okla. Sept. 14, 2020); Boyle v. United Techs. Corp., 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988) and Martin v. Franklin Cap. Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). *See* ECF 105. (Amended Complaint, ¶¶ 3-6).

---

veterans, and other members of TRICARE, as well as services to federal employees who are members of FEHBP plans. (ESI Notice of Removal ¶ 3). The disclaimer adopts language from the stipulations between People of the State of California v. Eli Lilly & Co., No. 2:23-CV-01929-SPG-SK, 2023 WL 4269750 (C.D. Cal. June 28, 2023); Oklahoma ex rel. Hunter v. McKesson Corp., No. CIV-20-172-RAW, 2020 WL 5814161 (E.D. Okla. Sept. 14, 2020); Boyle v. United Techs. Corp., 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988) and Martin v. Franklin Cap. Corp., 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). *See* ECF No. 105-1 (Amended Complaint, ¶¶ 3-6). The September 2023 Amended Complaint included four detailed and comprehensive paragraphs that disclaim, disavow and abandon claims for conduct by Defendants under contracts with the federal government or officers and those regarding federal plan beneficiaries, military personnel, veterans or others under the specific federal plans identified in the notice and supplemental notice of removal (105-1, ¶¶3-6); and additional disclaimers throughout (105-1, e.g., ¶¶52, 106, 505, 916, 921, 941, 1027, 1130, 1153, 1163, 1179 and 1202). The factual allegations are also further narrowed to state claims and examples of specific evidence of conduct – all outside the scope of acts under a federal officer (See, e.g., ¶¶52, 106, 916, 921, 941, 1027, 1130, 1153, 1163, 1179, 1202). Plaintiffs' claims are strictly based on New York state law and involve the opioid crisis created by Defendants within the state. None of Plaintiffs' various claims "necessarily" raise a federal issue; none of Plaintiffs' claims are affirmatively premised on federal programs; nor are federal programs an essential element of Plaintiffs' claims.

## C. Extensive Briefing on Petitioners' Motion to Remand Pursuant to a Comprehensive Claims Disclaimer

On October 20, 2023, Petitioners filed their remand papers. ECF No. 113-116. Respondents filed their opposition papers on November 10, 2023. ECF No. 121-126. Reply papers were filed on November 27, 2023. ECF No. 128. Further notices of supplemental authority (and motions to strike) were filed on the docket throughout the next months and into the new year. *See,* e.g., ECF No. 129, 130, 13, 132, 134, 135, 136, 137, 138.

## D. Opinion and Order on Motion to Remand

On June 18, 2024, this Honorable Court issued an Opinion and Order granting remand in the 34 consolidated actions. ECF No. 148. The Court agreed with Petitioners' arguments pertaining to its post-removal claims disclaimer that "disclaim[s] and abandon[s] any and all claims which may give rise to § 1442(a) jurisdiction" (ECF No. 148 at 5) including effectiveness and specificity of the identical disclaimer of conduct relating to federal plans, "Removing Defendants' services, conduct, and contracts in connection with TRICARE, the FEHBA, the VHA or any other federal program… any claims or recovery arising out of the Removing Defendants' work on behalf of any federal entity, including those identified in their respective notices of removal," TRICARE and Federal Employees Health Benefits ("FEHB") plans, contracts with the Department of Defense and the federal government, Veterans Health Administration plan members; the exercise of supplemental jurisdiction over state law claims after a post-removal disclaimer and elimination of all grounds that purportedly supported removal; indivisibility arguments made by Removing Defendants OptumRx, Inc. and ESI; and remand factors (comity, fairness and judicial economy); and Removing Defendants' request to stay the proceedings pending appeal and the sufficiency of said request, among others.

5

The Court reached the following determinations of fact and conclusions of law:

1. "The Removing Defendants frame the instant motion as turning on the propriety of removal in the first instance… and as a result, spend much of their opposition detailing the extent to which removal pursuant to 28 U.S.C. § 1442(a)(1) was proper… But in so doing they largely speak past Plaintiffs' motion, the primary thrust of which is that a plaintiff may amend its complaint post-removal to eliminate the bases for federal officer jurisdiction and that, in such circumstances, a federal court should decline to exercise supplemental jurisdiction over the remaining state law claims." –Id at *10.

2. "As a threshold matter, federal courts evaluating similar circumstances 'have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which federal officer removal was based.'" –Id at *11-13 (collecting cases).

3. "Put simply, Plaintiffs' disclaimers are effective." – Id at *17.

    a. "Plaintiffs' post-removal claim disclaimer is substantially similar . . . to the disclaimers that were determined to be effective in the cases discussed above… and thus they have 'effectively waived the claims that would provide the basis for § 1442(a)(1) jurisdiction.'" –Id at *16.

    b. "Here the disclaimers offered by Plaintiffs are sufficiently specific. They explicitly renounce any claims or recovery related to the Removing Defendants' services, conduct, and contracts in connection with TRICARE, the FEHBA, the VHA or any other federal program…" – Id at *14.

    c. "Removing Defendants nevertheless argue that the disclaimers are 'ineffective and illusory' because the nuisance injury alleged by Plaintiffs is 'indivisible[,]' [b]ut nearly identical indivisibility arguments have already been rejected by multiple courts, including in People of the State of Cal. v. Eli Lilly & Co., a case alleging that PBMs conspired with insulin manufacturers to artificially raise the price of insulin in California…" – Westchester County, Id at *14-15, also citing Gov't of Puerto Rico, v. Eli Lilly & Co., No. CV 23-1127 (JAG), 2023 WL 4830569, at *2 (D.P.R. July 13, 2023) and Ohio ex rel. Yost v. Ascent Health Servs. LLC, No. 2:23-CV-1450, 2024 WL 23187, at *3 (S.D. Ohio Jan. 2, 2024).

    d. "[S]peculation that Plaintiffs have made a decision that will make their damages harder (or even impossible) to prove is no reason to disregard their disclaimer. And this Court is hardly in a position, in adjudicating a motion to remand in a case that has barely gotten off the ground with respect to the PBMs, to make decisions about what damages calculations may or may not be able to be made much further down the road." –Id at *16.

    e. "The Court will not assume that Plaintiffs will not be able to isolate the Removing Defendants' work for federal healthcare plans in their damages calculations, and therefore disregard their disclaimer, on the basis of expert reports submitted by a

6

different plaintiff, represented by different counsel, in a case that is in a very different procedural posture." –Id at *16 (FN8).

4. "In sum, all four factors favor remand. See Spehar v. Fuchs, No. 02-CV-9352, 2003 WL 23353308, at *10 (S.D.N.Y June 17, 2003) (declining to exercise supplemental jurisdiction because "when a post-removal amendment leaves a federal court with only state law claims, and where the federal court has had no substantive involvement in the case, the values of judicial economy, convenience, fairness, and comity weigh in favor of remanding to state court."). Accordingly, the Court declines to exercise supplemental jurisdiction." – Id at *20.

   a. "Given those extensive efforts to coordinate and litigate New York state's opioid cases, the state court 'is fully familiar with all the issues that [may] arise . . . whereas this court will have a rather steep learning curve.'" –Id at *18.

   b. "[C]onsiderations of '[c]omity and respect for New York state courts dictate that where possible, state courts should decide matters of state law, and that absent exceptional circumstances, this Court should decline to exercise supplemental jurisdiction over such claims…'" –Id at *19.

   c. "As Plaintiffs are only pursuing state law causes of action, the comity factor favors remand as well." –Id at *19.

   d. "[T]he fairness factor favors remand as "[r]emand[] . . . at this early stage of the proceeding – far from trial and before substantial discovery has begun – does not create substantial unfairness or inconvenience to the parties.'" –Id at *19.

   e. "[A]lthough the § 1442(a)(1) ancillary-claim analysis and the § 1367 supplemental jurisdiction analysis rest on different statutory foundations, the two tests are essentially identical in practice," id., and therefore this Court will employ the § 1367 supplemental jurisdiction framework used by the courts in Frawley, 2007 WL 656857, at *4 and Maguire, 2015 WL 4934445, at *4-5. –Id at *17 (FN10).

This Court also held that Respondents had not been reasonable in their arguments and refusal to agree to the disclaimer of the very grounds for removal, as it found that "speculation that Plaintiffs have made a decision that will make their damages harder (or even impossible) to prove is no reason to disregard their disclaimer." Id at *16.

On June 20, 2024, the case was remanded out from this Court to the Supreme Court of the State of New York, County of Westchester. *See* Order dated June 18, 2024, entered on June 20, 2024.

## LEGAL ARGUMENT POINT ONE

## THE COURT SHOULD AWARD PETITIONERS' ATTORNEYS' FEES

**A. <u>Attorneys' Fees pursuant to 28 U.S.C. § 1447(c).</u>**

Courts may award attorneys' fees pursuant to 28 U.S.C. § 1447(c) where the removing party "lacked an objectively reasonable basis for seeking removal[.]" <u>Calabro v. Aniqa Halal Live Poultry Corp.</u>, 650 F.3d 163, 166 (2d Cir. 2011). For a basis for removal to be reasonable, the removing party should have a "colorable argument that removal was proper." <u>Nguyen v. Am. Express Co.</u>, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017). Whether there was an objectively reasonable basis is evaluated based on the circumstances at the time the case was removed. *See* <u>Williams v. Int'l Gun-A-Rama</u>, 416 F. App'x 97, 99 (2d Cir. 2011). The analysis may also include a test of overall fairness, which focuses on establishing fairness "given the nature of the case, the circumstances of remand, and the effect on the parties." *See* <u>Morgan Guar. Tr. Co. of New York v. Republic of Palau</u>, 767 F. Supp. 561 (S.D.N.Y. 1991), <u>aff'd</u>, 971 F.2d 917 (2d Cir. 1992); *see also* <u>Burton v. PGT Trucking, Inc.</u>, No. 16-CV-9985 (JPO), 2018 WL 2849721 (S.D.N.Y. June 11, 2018).

Generally, if an objectively reasonable basis for removal exists, fees will be denied. *See* <u>Calabro</u>, 650 F.3d at 166. However, the District Court may depart from the objectively reasonable basis rule. <u>Id.</u> A court's basis for departing from the rule should be "faithful to the purpose of awarding fees under § 1447(c). <u>Id.</u> Reasons for departing from the rule may include "disincentivizing actions that delay[] resolution of the case, impose[ ] additional costs on both parties, and waste[ ] judicial resources." <u>CMGRP, Inc. v. Agency for the Performing Arts, Inc.</u>, 689 F. App'x 40, 41 (2d Cir. 2017). *See* also, <u>Martin</u>, 546 U.S. at 141. Plaintiffs are entitled to such a remedy as Congress seeks to deter, through 28 U.S.C. § 1447(c), frivolous removal motions

8

because such a procedure, if done frivolously, "delays resolution of the case, imposes additional costs on both parties and wastes judicial resources." Martin, 546 U.S. at 140. As such, when a party moves for removal frivolously, i.e. when the party moves for removal without an objectively reasonable basis for doing so, the party opposing such a frivolous motion should be awarded attorney's fees by the Court.

### B. An Award of Attorneys' Fees is Appropriate in this Case.

The Court should award Petitioners attorneys' fees because Respondents lacked an objectively reasonable basis for removal after the pleadings were amended to disclaim federal claims.

*First,* the Second Circuit has specifically found that a party lacked "an objectively reasonable basis for seeking removal" where removal was based on a federal defense. *See* Savino v. Savino, 590 F. App'x 80, 81 (2d Cir. 2015). This is directly analogous to the present case, where the most charitable reading of the Respondents position was that it was based on the assertion of federal defenses that they *could possibly need to raise in the event work pertaining to their federal clients were at issue.* This position was based on their own reading of the operative pleading, which did not allege such acts. Petitioners filed their New York state law claims in New York state court. The Petition included no federal claims and Respondents, themselves, were not federal officers. ECF No. 46 at 8. Respondents failed to point to, or demonstrate, that Petitioners had attempted to "artfully plead" around federal claims. Thus, as the Second Circuit held in Savino, 590 F. App'x 80, Respondents lacked an objectively reasonable basis for removal. Since there was no objectively reasonable basis for removal, an award of attorneys' fees is appropriate.

*Second,* as this Court observed, Petitioners "explicitly renounce[d] any claims or recovery related to the Removing Defendants' services, conduct, and contracts in connection with

9

TRICARE, the FEHBA, the VHA or any other federal program…i.e., they abandon any claims or recovery arising out of the Removing Defendants' work on behalf of any federal entity, including those identified in their respective notices of removal…" ECF No. 46 at 14. That objective truism essentially ends the matter since "'[t]he presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule.' Pursuant to this rule, 'federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law, and only when plaintiff's well-pleaded complaint raises issues of federal law.' Thus, the plaintiff—as 'the master of the complaint'—can 'avoid federal jurisdiction by pleading only state claims even when a federal claim is also available.'" Sea Gate Ass'n v. Krichevsky, No. 18-CV-3408(KAM)(SMG), 2019 WL 8587287, at *6 (E.D.N.Y. June 21, 2019) (quoting Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998)). "Notably, a defendant cannot 'evade the well-pleaded complaint rule by raising a federal question in its responsive pleadings and then attempting to remove on that basis.'" Id. (quoting Calabro, 650 F.3d at 166). "It is therefore not enough that a defendant alleges as grounds for removal a federal… defense." Id. (citations omitted). Yet that is exactly what defendants attempted to do. See Gondolfo v. Town of Carmel, No. 20-CV-9060 (CS), 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022) ("predicating removal on the actual or anticipated presence of a federal defense, as [] Defendants did here, was objectively unreasonable."); Meeks v. City of Rochester, No. 6:22-CV-6163 EAW, 2022 WL 13789086, at *4 (W.D.N.Y. Oct. 24, 2022) (awarding fees and costs where defendant lacked a reasonable basis to remove because "there [was] no federal question on the face of the [] complaint").

*Third,* in cases where a plaintiff's disclaimer would be sufficient to defeat removal, there is no objectively reasonable basis to continue removal. Keeney v. A.W. Chesterton Co., No. CV 11-6192 PA (AGRX), 2011 WL 13220926 (C.D. Cal. Aug. 9, 2011) (holding that there was a

sufficient basis only when it was "not entirely clear" that plaintiff's disclaimer would be sufficient to defeat removal.).  This case is in direct contrast of *Keeney*. As the Southern District Court in California ruled, the plaintiff's disclaimer was entirely sufficient to defeat removal. Further, other courts have held that a complaint containing a federal-law disclaimer "deprives a defendant of an objectively reasonable basis." *See*, e.g., Ohio ex rel. Skaggs v. Brunner, 629 F.3d 527, 530 (6th Cir. 2010) *citing* Warthman v. Genoa Twp. Bd. of Trustees, 549 F.3d 1055, 1063 (6th Cir. 2008).

*Fourth,* exacerbating this situation is the fact that Respondents were specifically apprised of the lack of a basis for removal by counsel for Petitioners on multiple occasions prior to the completion of the removal process. Respondents ignored this position and proceeded to refuse to stipulate (or acquiesce) to remand this matter and continue with their baseless removal. Petitioners also repeatedly advised Respondents' counsel while seeking remand that an alleged federal defense does not confer federal jurisdiction, and that Petitioners were willing to stipulate to a federal claims disclaimer.

*Fifth,* once Petitioners amended their complaints, the pleadings extinguished Respondents' reasonable basis to remove. While it is not necessary to prove bad faith for a claim for attorney's fees, courts certainly consider it. Morgan Guar. Tr. Co. of New York v. Republic of Palau, 971 F.2d 917, 923 (2d Cir. 1992). Petitioners, out of good faith and to speedily resolve this case, expressly disclaimed all federal claims dealing with the contracts at issue. Still, Respondents chose to continue the removal process, despite their basis for doing so having been explicitly removed by disclaimer from the lawsuit. When Respondents disregard clearly applicable bars to removal, it is objectively unreasonable for them to continue to maintain removal of a state court case. Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320 (S.D.N.Y. 2007).

Respondents' unwillingness to withdraw the motion or acquiesce to removal indicates that they intended to delay the resolution of this case. Indeed, the 34 cases have been delayed for ten months pending this removal request. Petitioners, because of Respondents' baseless continuance of their removal motion, have spent many resources and incurred additional costs. Rather than acknowledge the reality of the scope of the claims, as expressly stated by Petitioners, Respondents responded by filing a multitude of pleadings; refusing to acknowledge this Court's suggestion as to a carve out of federal claims; arguing in meetings, hearings and conferences in favor of their untenable position; filing notices of supplemental authority and otherwise requiring Petitioners to incur additional unnecessary fees. These costs are the direct result of Defendant's baseless removal. Therefore, the costs of this lawsuit, in accordance with 24 USCA § 1442 and with precedent, should be borne by the defense. The Court should grant Petitioners' request for attorneys' fees.

C. **Petitioners Seek a Conference to Discuss the Submission of Timekeeping Records and Hourly Rates.**

A district court is afforded a great deal of flexibility in awarding attorneys' fees pursuant to 28 U.S.C. 1447(c). *See* Children's Vill. v. Greenburgh Eleven Teachers' Union Fed'n of Tchrs., Loc. 1532, 867 F. Supp. 245 (S.D.N.Y. 1994). Generally, a district court determines attorneys' fees "by setting a reasonable hourly rate, taking account of all case-specific variables and multiplying that rate by the number of hours expended." Wachovia Mortg., FSB v. Toczek, 841 F. App'x 267 (2d Cir. 2021) (*citing* Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections, 522 F.3d 182, 189 (2d Cir. 2008).

In most cases, a reasonable hourly rate is the comparable to the prevailing rates for attorneys of "similar skill, experience, and reputation in the local community." Id. This court has awarded a large range of attorneys' fees when awarding fees as a result of a removal. *See e.g.* MB

12

Fin. Bank, N.A. v. 56 Walker, LLC, No. 11 CIV. 5538 JGK, 2011 WL 6338808, at *4 (S.D.N.Y. Dec. 19, 2011) (granting $18,369); Mosher v. Davita Healthcare Partners Inc., No. 15-CV-7594 (JPO), 2016 WL 3963131, at *2–3 (S.D.N.Y. July 20, 2016) (granting $24,752.18); CMGRP, Inc. v. Agency for the Performing Arts, Inc., No. 16 CIV. 2523 (LGS), 2016 WL 9080233 (S.D.N.Y. July 8, 2016), aff'd, 689 F. App'x 40 (2d Cir. 2017)) (granting $85,203.76).

Upon the issuance of an order granting attorney fees, Petitioners will submit evidence regarding the expenditure of time and effort pursuing the motion for remand. Counsel and their staff have devoted many hours because of the Respondents' refusal to agree to removal of the 34 cases to state court by stipulation or unopposed motion to remand. Respondents' refusal to acquiesce to Petitioners' proposal to disclaim all federal claims was objectively unreasonable.

The work performed includes, but is not limited to, drafting the motion papers, conducting research related to remand, corresponding with multiple parties, and engaging in motion practice. Petitioners request that the Court set a conference to discuss the submission of timekeeping records and hourly rates under seal and/or in a confidential manner. Petitioners seek to submit the total hours and fees incurred as a result of maintaining this matter in federal court after Petitioners proposed to disclaim all federal claims under seal. The amount of fees to be submitted will be reasonable considering the range of values awarded by this court previously, and especially considering the Respondents' decision to disregard this Court's suggestions of a carve out and Petitioners' multiple attempts to stipulate and disclaim all federal claims in a comprehensive and thorough manner.

**CONCLUSION**

For the reasons stated in this Memorandum of Law, Petitioners' Motion for attorneys' fees should be granted.

Dated:	Melville, New York
	July 2, 2024

		Respectfully submitted,

		*//s/ Hunter J. Shkolnik*
		HUNTER J. SHKOLNIK

		*/s/ Paul J. Napoli*
		PAUL J. NAPOLI
		Napoli Shkolnik
		NS PR Law Services, LLC
		1302 Avenida Ponce de León
		Santurce, Puerto Rico 00907
		Tele: (833) 271-4502
		Email: Hunter@NSPRLaw.com

		*/s/ Salvatore C. Badala*
		SALVATORE C. BADALA (SB1587)

		*/s/ Shayna E. Sacks*
		SHAYNA E. SACKS (SS7135)
		Napoli Shkolnik PLLC
		400 Broadhollow Rd, Suite 305
		Melville, NY 11747
		Tele: (212) 397-1000
		Fax: (646) 843-7603
		SBadala@NapoliLaw.com
		SSacks@NapoliLaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 2, 2024, he electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

*/s/ Hunter J. Shkolnik*

15